COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Overton
Argued at Richmond, Virginia


HAROLD FRANCIS SHEPPARD
                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2497-96-2       JUDGE NELSON T. OVERTON
                                        JULY 15, 1997
CYNTHIA CAUDLE SHEPPARD


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge

        Carolyn P. Carpenter (Carpenter & Woodward,
        P.L.C., on brief), for appellant.

        Jeffrey L. Galston (Hyder, Lowe & Galston, on
        brief), for appellee.


     Harold Francis Sheppard (husband) appeals from a decision of

the trial court denying his motion to enforce an agreement made

between him and Cynthia Caudle Sheppard (wife).  For the reasons

that follow, we reverse and remand for proceedings consistent

with this opinion.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, we recite only those facts necessary to the

disposition of this appeal.

     The parties were married in North Carolina in 1987.  Husband

and wife entered into a separation agreement in 1989 pending

their divorce, which became final in 1990.  In 1993 wife obtained

a judgment in North Carolina against husband for his breach of

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the separation agreement.  After husband moved to Virginia, wife domesticated this judgment in the Commonwealth and began garnishing husband's wages.  In 1995, wife also filed a bill of complaint against husband for specific performance of the separation agreement, further arrearage, and attorneys' fees. husband appealed the resulting judgment to the Court of Appeals.

Pending the decision of the Court, the parties began to negotiate a settlement of all issues of contention between the parties.  A series of letters containing offers and counter-offers passed between counsel for husband and counsel for wife.  On March 1, 1996, husband, through counsel, made an offer consisting of eight provisions.  On March 5, wife, through counsel, made a counter-offer with the same eight provisions, but added an additional clause about attorneys' fees.  Husband replied that this ninth point was unacceptable, but that he was still willing to settle the matter on the terms of his March 1 offer.  On March 8, wife agreed to omit the clause in question, stating, "[t]hus the following are the terms that we are willing to accept" and restated the same eight provisions from husband's March 1 offer.  The letter concluded by stating that wife would hold any documents agreeing to release and waiver (two provisions of the agreement) "pending evidence of Mr. Sheppard's complete fulfillment of his obligations."

On March 20, husband sent wife a draft document memorializing the agreement.  The next week wife replied that she

agreed in principle, but noted seven minor clerical changes.  On April 2, husband forwarded an amended agreement with wife's changes.  The next day husband sent a signed copy of the agreement, evidence of his execution of several of the provisions, and the first portion of a cash payment pursuant to the agreement.  The same day, wife released funds belonging to husband pursuant to the agreement.

On April 9, the Court of Appeals released an opinion in wife's favor.  Although husband performed the balance of his obligations under the agreement on May 1, wife refused to execute the agreement further, noting that she had never signed the document.  She made a counter-offer at that time asking for an additional cash payment.  Husband filed a motion to enforce the agreement.  The trial judge held that a binding agreement had not been formed between the parties, and refused to enforce the terms.  Husband appeals.

"To be valid and enforceable, the terms of an oral agreement must be reasonably certain, definite, and complete to enable the parties and the courts to give the agreement exact meaning."  Richardson v. Richardson, 10 Va. App. 391, 395, 392 S.E.2d 688, 690 (1990); Smith v. Farrell, 199 Va. 121, 128, 98 S.E.2d 3, 7-8 (1957).  An agreement is sufficiently definite to enable the trial court to determine the intent and agreement of the parties and to enforce the contract if the "record makes clear that the parties considered and agreed upon a comprehensive

3

plan to settle the issues between them [and that] [e]ach separate issue was resolved upon terms which were succinctly and precisely set forth in the record." Richardson, 10 Va. App. at 395-96, 688 S.E.2d at 690. The record in this case constitutes a series of correspondence between the parties which contains in detail the provisions agreed upon by the parties. In particular, the March 8 letter sent by wife accepted the eight main provisions proposed by husband. Additionally, on March 28 wife agreed to the formal draft agreement, requesting only minor modifications, which were accepted by husband. No ambiguity exists in the agreed terms of this agreement.

"Mutual assent by the parties to the terms of a contract is crucial to the contract's validity." Wells v. Weston, 229 Va. 72, 78, 326 S.E.2d 672, 676 (1985). If the parties mutually assent to the terms at the time the agreement is made, a valid contract exists, regardless of the afterthoughts of one of the parties. "Once a competent party makes a settlement and acts affirmatively to enter into such settlement, her second thoughts at a later time upon the wisdom of the settlement do not constitute good cause for setting it aside." Snyder-Falkinham v. Stockburger, 249 Va. 376, 385, 457 S.E.2d 36, 41 (1995). Wife manifested her assent to the terms of the agreement by accepting husband's proposals and later accepting with slight modification the formal contract. She then allowed husband to begin performance of his obligations under the agreement, and performed

4

a portion of her own obligations.  At this point wife demonstrated, orally and by her actions, her assent to a binding contract.  The lack of an ultimate signature cannot negate this fact.  "Where the minds of the parties have met and they are fully agreed and they intend to be bound there is a binding contract, even though a formal contract is later to be prepared and signed."  <u>Agostini v. Consolvo</u>, 154 Va. 203, 212, 153 S.E. 676, 679 (1930).

We therefore reverse the decision of the circuit court and remand for enforcement of the agreement between the parties.

<u>Reversed and remanded.</u>